UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENAIDA MENDOZA, MARIA JIMENEZ, LOURDES JIMENEZ, a minor, by Jose Jimenez, her father and next friend, and JOSE JIMENEZ, ) ) ) ) ) | No. 06 C 5943 |
| Plaintiffs, ) ) | Judge Dow |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFFS' PHYSICIANS FROM TESTIFYING AS EXPERTS

**Introduction**

In the pre-trial order, plaintiffs identify numerous treating physicians to be called to testify. While each of these physicians treated the plaintiff for her alleged injuries and, as such, may be appropriate fact witnesses, none can be called to provide expert opinion. Discovery closed on May 1, 2007, and plaintiffs did not provide the defendant with a report of opinions to be expressed as required by Fed. R. Civ. P. 26(a)(1) from any of these doctors. *See Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998)(district court's exclusion of plaintiff's experts and subsequent granting of summary judgment because of deficient expert report filed after discovery deadline upheld as not an abuse of discretion); *Patel v. Gayes*, 984 F.2d 214 (7th Cir. 1993)(expert testimony from treating physicians excluded for failure to list as experts in response to interrogatory); *Ohime v. Foresman*, 186 F.R.D. 507 (N.D. Ind. 1999)(plaintiff's expert barred from offering opinion at trial as to plaintiff's condition because of failure to provide timely report of expert's opinions as required under the Rules).

Rule 26(a)(2)(B) requires a written report setting forth, *inter alia*, the opinions to be offered by each expert witness and the basis therefor. "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Rule 37(c)(1) in turn provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Under Rule 37, "[t]he sanction of exclusion is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000), *quoting Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). Therefore, because plaintiff has failed to provide an expert report for any of its witnesses, as required by the Rules, and because that failure is neither justified nor harmless, these witnesses should be prevented from testifying as experts. *See Salgado*, 150 F.3d 735; *Patel*, 984 F.2d 214; *and Ohime*, 186 F.R.D. 507.

## Conclusion

For the foregoing reasons, the court should enter an order preventing the plaintiffs' witnesses from testifying as experts.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By: s/ Ann L. Wallace
>    ANN L. WALLACE
>    MICHELE M. FOX
>    Assistant United States Attorney
>    219 South Dearborn Street
>    Chicago, Illinois 60604
>    (312) 886-9082
>    ann.wallace@usdoj.gov